IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **SYMBOLOGY INNOVATIONS LLC** | * | |
| Plaintiff | * | **CIVIL ACTION NO**. 3:17-cv-151 |
| | * | |
| v. | * | |
| | * | |
| **BRIGGS & STRATTON CORPORATION** | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

### RULE 26(f) JOINT PRE-TRIAL REPORT AND DISCOVERY PLAN

Plaintiff Symbology Innovations LLC ("Symbology") and Defendant Briggs & Stratton Corporation ("Briggs"), by way of their respective undersigned counsel, (collectively, the "Parties") submit the following joint pre-trial report and discovery plan. The Parties conferred on June 6th, 2017 by telephone to discuss the matters set forth in Rule 26 and the Court's Standing Order Governing Preliminary Pretrial Conferences. A scheduling conference in this case is scheduled for June 20th, 2017 at 1:00pm.

**I.  NATURE OF THE CASE.** This is a patent infringement case arising under the patent laws of the United States, 35 USC §1 *et seq*. Symbology alleged that Briggs is and has been infringing at least claims 5 and 9 of U.S. Patent No. 8,424,752 (the "'752 patent"); claims 5 and 9 of U.S. Patent No. 8,651,369 (the "'369 patent"); claims 5 and 9 of U.S. Patent No. 8,936,190 (the "'190 patent"); and claims 4 and 8 of U.S Patent No. 7,992,773 (the "'773 patent") (collectively, the "Patents in Suit" or "Asserted Patents"). Briggs seeks declaratory judgments of non-infringement and invalidity of the Patents-in-Suit.  Briggs also seeks a declaration by the Court that all claims of the Asserted Patents are unenforceable due to inequitable conduct. Briggs may also seek an award of costs, expenses, and attorneys' fees.

1

**II. RELATED CASES.** The Parties are aware of the following active legal actions, filed on February 27, 2017 in the United States District Court the Western District of Wisconsin and directly related to the instant matter:

- *Symbology Innovations LLC v. Kohler Co.*, case no. 17-cv-153.
- *Symbology Innovations LLC v. Matco Tools Corporation*, case no. 17-cv-155.

The Parties are also aware that there are currently 12 other active cases pending in five other districts, including the District of New Jersey, the Eastern District of Texas, the Eastern District of Virginia, and the Middle District of Florida, in which Symbology has filed complaints alleging infringement of the Patents-in-Suit and that are directly related to the instant matter.

**III. MATERIAL FACTUAL AND LEGAL ISSUES TO BE RESOLVED AT TRIAL.** The material factual and legal issues to be resolved at trial will be further refined through the discovery process. The Parties presently anticipate that the court or jury will need to resolve the following issues:

A. The proper construction of one or more terms which appear within the asserted claims of the Patents in Suit;

B. Whether Briggs has infringed one or more of the aforementioned claims of the Patents in Suit;

C. If liability for infringement is found, the damages sustained by Symbology as a result of Brigg's infringement;

D. If liability for infringement is found, whether Briggs knowingly, willfully, and deliberately infringed one or more of the asserted claims of the Patents in Suit.;

E. Whether Symbology is entitled to enhanced damages (35 USC §284) and/or an award of reasonable attorneys' fees (35 USC §285);

F. Whether it is appropriate to enter an injunction, either preliminarily or permanently, enjoining Briggs from infringing the Patents in Suit;

G. Whether any of the Patents-in-Suit are invalid;

H. Whether any of the Patents-in-Suit are unenforceable; and

I. Whether Briggs is entitled to attorney's fees under 35 U.S.C. § 285 and an award of costs and expenses.

**IV. AMENDMENTS TO THE PLEADINGS.** The Parties have included a deadline for amendments to the pleadings without leave of the Court in their proposed case schedule.

**V. ADDITIONAL PARTIES.** The Parties do not anticipate adding parties at this time, but reserve the right to seek the Court's leave should the need arise.

**VI. ESTIMATED LENGTH OF TRIAL.** The Parties estimate that a jury trial will take 5 to 7 days.

**VII. OTHER ISSUES.**

A. **PROPOSED DISCOVERY PLAN AND CASE SCHEDULE.** The parties propose the following pretrial case schedule.

| EVENT | MUTUALLY PROPOSED DATES |
|---|---|
| Deadline for initial disclosures pursuant to Rule 26(a)(l) | June 20, 2017 |
| Service of infringement contentions (including claim charts)[1] | June 30, 2017 |
| Deadline to amend pleadings without leave of the Court | July 17, 2017 |
| Service of invalidity contentions (including claim charts)[2] | September 14, 2017 |
| Simultaneous exchange of list of claim terms requiring construction; proposed construction | October 13, 2017 |
| Simultaneous exchange of responses to claim terms / proposed constructions | November 10, 2017 |
| Disclosure of reliance on advice of counsel | December 13, 2017 |
| Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. | January 5, 2018 |
| Opening Claim Construction Brief and Submit Technical Tutorials (if any) | January 5, 2018 |
| Responsive Claim Construction Brief | February 2, 2018 |
| Reply Claim Construction Brief | February 23, 2018 |
| Joint Claim Construction Chart | March 2, 2018 |
| Claim Construction Hearing | **To be decided by the Court** |
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | **30 days after the Court issues its Claim Construction Opinion and Order** |
| Serve Disclosures for Rebuttal Expert Witnesses | **35 days after the exchange of expert reports.** |
| Deadline for filing dispositive motions | **30 days after the Discovery Cutoff.** |
| Discovery cutoff | **30 days after the exchange of rebuttal expert reports.** |

---

[1] If there is a contention by Symbology that there is infringement of any claims under the doctrine of equivalents, Symbology must separately indicate this on its claim chart and, in addition to the information required for literal infringement, Symbology must also explain each function, way, and result that it contends are equivalent and why it contends that any differences are not substantial.
[2] If there is a contention of invalidity based on something other than prior art, Briggs must specify what the basis is and whether such allegation is based on 35 USC §§101, 102, 103, 112, or another statutory provision.

| | |
|---|---|
| Deadline for all *Daubert* motions and motions in limine | **30 days after the Discovery Cutoff.** |
| Deadline for all responses to *Daubert* motions and motions in limine | **30 days after the filing of all *Daubert* motions and motions in limine** |
| Final pretrial conference | **To be decided by the Court** |
| Jury trial | **To be decided by the Court** |

B. **DISCLOSURES UNDER RULE 26(a).** The Parties will proceed in accordance with Rules 26(a)(1) and 26(a)(2)(B). Proposed dates for complying with such rules are included in the proposed discovery plan set forth in Section VII(A).

C. **DISCOVERY.** Symbology anticipates that discovery will be needed regarding the manner and way in which Briggs has used one or more instance of the accused instrumentalities, including any internal testing; Briggs' knowledge of the Patents in Suit; the basis for Briggs' assertion of non-infringement and invalidity and inequitable conduct defenses; the ownership and management of Briggs; any assertion of reliance upon legal advice as defense; and the basis for any expert opinion offered on behalf of Briggs. Discovery may be required of non-party competitors in the QR code industry regarding market share, pricing, royalties, and other factors that may relate to Symbology's claim for damages. Other matters requiring discovery by Symbology may arise as the issues are further developed in this case.

Briggs anticipates that discovery will be needed regarding the ownership of the Patents-in-Suit, the prosecution of the Patents-in-Suit, the enforceability of the Patents-in-Suit, and the validity of the Patents-in-Suit. Briggs further anticipates that discovery will be needed regarding the basis for Symbology's allegations in its Complaint, the basis for Symbology's infringement contentions, the basis for Symbology's claim for damages, and any expert opinion offered on behalf of Symbology. Other matters requiring discovery by Briggs may arise as the issues are further developed in this case.

The date for completing discovery is included in the proposed discovery plan set forth in Section VII(A).

**ISSUES ABOUT DISCLOSURE, DISCOVERY AND PRESERVATION OF ESI.** Counsel for the parties have assured each other that, by no later than the date that this document is being filed with the Court, the Parties have been instructed by their counsel to preserve all documents, things, and electronically stored information ("ESI") that reasonably relate to allegations which have been set forth in the pleadings filed in this case. **The Parties further agree to the terms in the proposed E-Discovery Order (attached as <u>Exhibit A</u>).**

D.  **PRIVILEGE / TRIAL PREPARATION MATERIALS.** The Parties plan to stipulate to the entry by the Court of a suitable mutual protective order under Rule 26(c) to safeguard the confidentiality of documents and information exchanged during discovery, and the Parties will include in such stipulated protective order provisions for preserving privilege in communications or materials that are inadvertently or mistakenly produced to the opposing party during discovery. **The Parties agree not to propound discovery until such stipulated protective order is entered** The Parties agree that privileged documents created after the filing or litigation need not be included on a privilege log.

E.  **DISCOVERY LIMITS.** At present, the Parties believe that discovery may proceed in accordance with the default limits imposed by the Federal Rules of Civil Procedure, with the exceptions that:

(1) There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such;

    (2) Each Party may serve up to 45 requests for admission;

    (3) There are no limits on the number of depositions upon written questions of custodians of business records for third parties taken pursuant to Rule 31.

Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions. Time toward the daily limit of seven (7) hours will count whether used in direct examination or cross-examination of any witness. Unless otherwise agreed, depositions of defendant and its employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties.  Counsel should confer in advance to schedule depositions at mutually convenient times and places. The Parties agree to cooperate in connection with discovery whenever possible and discuss in good faith any future alterations to the default discovery limits set forth within the Federal Rules of Civil Procedure if the need arises.

**F. EXPERT DISCOVERY.** The Parties stipulate that draft expert reports and communications with experts are not discoverable pursuant to Rule 26(b)(4). However, all materials that an expert relied upon in forming the opinions expressed in a final report shall be discoverable. Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. Each party shall be limited to three testifying experts at trial per opposing party.

**G. PROTECTIVE ORDER.** The Parties will promptly seek from the Court the entry of a stipulated mutual protective order safeguarding the confidentiality of information and documents produced in discovery pursuant to Rule 26(c) in a manner to be agreed upon by

the Parties. The Parties agree not to propound discovery until such stipulated protective order is entered.

H. **ELECTRONIC SERVICE.** The Parties consent that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that a document is deemed served on a particular day if sent by midnight CT on that calendar day; otherwise it is deemed served on the next calendar day..

**DATED** this 9th day of June, 2017.

**RESPECTFULLY SUBMITTED.**

/s/ Carlos R. Pastrana
**CARLOS R. PASTRANA**
State Bar No. 1088286
carlos.pastrana@mwhlawgroup.com

/s/ Nelson W. Phillips III
**NELSON W. PHILLIPS III**
State Bar No. 1028189
nelson.phillips@mwhlawgroup.com

**MWH LAW GROUP LLP**
735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354

/s/ Eugenio J. Torres-Oyola
**EUGENIO J. TORRES-OYOLA**
USDC No. 215505
etorres@ferraiuoli.com

/s/ Jean G. Vidal-Font
**JEAN G. VIDAL-FONT**
USDC No. 227811
jvidal@ferraiuoli.com

**FERRAIUOLI LLC**
221 Plaza, Fifth Floor
221 Ponce de León Avenue
San Juan, Puerto Rico 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

COUNSEL FOR PLAINTIFF
SYMBOLOGY INNOVATIONS LLC


By:  /s/ Neil J. McNabnay
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
Theresa M. Dawson
tdawson@fr.com
Texas Bar No. 24065128

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

COUNSEL FOR DEFENDANT
BRIGGS & STRATTON CORPORATION