IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § § | |
| Plaintiff, | § § | CASE NO. 3:17-cv-151-WMC |
| v. | § § | PATENT CASE |
| BRIGGS & STRATTON CORPORATION, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**SYMBOLOGY INNOVATIONS, LLC'S ANSWER TO BRIGGS & STRATTON
CORPORATION'S COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Plaintiff and Counterdefendant Symbology Innovations, LLC ("Symbology") hereby responds to and answers the Counterclaims (Dkt. No. 23) of Defendant and Counterclaimant Briggs & Stratton Corporation, ("Briggs" or "Counterclaimant") as follows:

**PARTIES**

1. Symbology admits the allegations in Paragraph 1.

2. Symbology admits the allegations in Paragraph 2.

**JURISDICTION**

3. Paragraph 3 requires no response from Symbology. In the event it should require a response, Symbology denies the allegations contained in Paragraph 3. Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-2 with the same force and effect as if fully rewritten herein.

4. Symbology admits Briggs's counterclaims purport to arise under the patent laws of the United States, Title 35, United States Code. Symbology further admits that the jurisdiction of

this Court is proper under 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201. Symbology denies any and all remaining allegations in Paragraph 4.

5. Symbology admits the allegations in Paragraph 5.

6. Symbology admits that venue is proper, but denies that it may not be necessarily convenient. Symbology affirmatively alleges that venue is both proper, and convenient, pursuant to at least 28 USC 1400.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

7. Paragraph 7 requires no response from Symbology. In the event it should require a response, Symbology denies the allegations contained in Paragraph 7. Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-6 with the same force and effect as if fully rewritten herein.

8. Symbology admits the allegations in Paragraph 8.

9. Symbology denies the allegations in Paragraph 9.

10. Symbology admits that pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Briggs purports to request a declaration by the Court that Briggs has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II – DECLARATION OF NON-INVALIDITY

11. Paragraph 11 requires no response from Symbology. In the event it should require a response, Symbology denies the allegations contained in Paragraph 11. Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-10 with the same force and effect as if fully rewritten herein.

12. Symbology denies the allegations in Paragraph 12.

13. Symbology denies the allegations in Paragraph 13.

14. Symbology admits that pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Briggs purports to request a declaration by the Court claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT III – DECLARATION OF UNENFORCEABILITY[1]

15. Paragraph 15 requires no response from Symbology. In the event it should require a response, Symbology denies the allegations contained in Paragraph 15. Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-14 with the same force and effect as if fully rewritten herein.

16. Symbology denies the allegations in Paragraph 16.

17. Symbology denies the allegations in Paragraph 17.

18. Symbology denies the allegations in Paragraph 18.

19. Symbology admits that pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Briggs purports to request a declaration by the Court claims of the Asserted Patents are unenforceable due to inequitable conduct because one or more of the individuals referenced in paragraphs 16-18, with the intent to deceive the USPTO, purportedly failed to comply with the duty of candor to the USPTO, as set forth in 37 C.F.R. § 1.56, during prosecution of the applications that led to the issuance of the Asserted Patents.

20. Symbology admits that according to his personal LinkedIn page, Mr. Rothschild: is an established inventor who to date has been issued more than eighty US patents and has more

---

[1] The subheadings included in Briggs's third Count do not require a response. In the event they should require a response, Symbology denies the allegations and/or statements contained therein.

than 150 patents pending worldwide and that Mr. Rothschild's first patent was conceived when he was 17 years of age and granted shortly thereafter. Symbology denies any and all remaining allegations in Paragraph 20.

21. Symbology admits the allegations in Paragraph 21.

22. Symbology admits that Mr. Rothschild's involvement the barcode technology dates back more than a decade. Symbology admits that in the late 1990s, Mr. Rothschild started BarPoint.com. Symbology denies any and all remaining allegations in Paragraph 22.

23. Symbology admits the allegations in Paragraph 23.

24. Denied as drafted. Symbology admits that Mr. Rothschild was the founder of Barpoint.com and served as Chairman of its Board of Directors from 1998 through 2004. Symbology further admits that during a portion of that time Mr. Rothschild served as its Chief Executive Officer. Symbology denies any and all remaining allegations in Paragraph 24.

25. Symbology admits that BarPoint.com's 1999 Annual Report filed with the SEC includes the statements in Exhibit D and reproduced in paragraph 25. Symbology denies any and all remaining allegations in Paragraph 25.

26. Symbology denies the allegations in Paragraph 26.

27. Symbology denies the allegations in Paragraph 27.

28. Symbology admits the allegations in Paragraph 28.

29. Symbology is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies these allegations.

30. Symbology admits the allegations in Paragraph 30.

31. Symbology admits the allegations in Paragraph 31.

32. Symbology admits the allegations in Paragraph 32.

33. Symbology admits the allegations in Paragraph 33.

34. Symbology admits the allegations in Paragraph 34.

35. Symbology denies the allegations in Paragraph 35.

36. Symbology admits the allegations in Paragraph 36.

37. Symbology denies the allegations in Paragraph 37.

38. Symbology denies the allegations in Paragraph 38.

39. Symbology admits that the prosecuting attorney(s) did not submit to the examiner an Information Disclosure Statement (IDS) identifying any prior art related to the Rothschild Patents. Symbology denies the remaining allegations in Paragraph 39.

40. Symbology denies the allegations in Paragraph 40.

41. Symbology admits that Mr. Rothschild and Reagan Innovations, LLC knew of the BarPoint system, the Rothschild Patents, and the prior art systems identified in the specification. mbology denies any and all remaining allegations in Paragraph 41.

42. Symbology denies the allegations in Paragraph 42.

43. Symbology denies the allegations in Paragraph 43.

44. Symbology admits that the Rothschild Patents claim an invention by which a customer can, among other things, scan a barcode with a handheld mobile device, and transmits the decoded barcode information over the Internet in order to retrieve product information on the mobile device. Symbology denies any and all remaining allegations in Paragraph 44.

45. Symbology denies the allegations in Paragraph 45.

46. Symbology admits the allegations in Paragraph 46.

47. Symbology denies the allegations in Paragraph 47.

48. Symbology denies the allegations in Paragraph 48.

49. Symbology denies the allegations in Paragraph 49.

50. Symbology admits the allegations in Paragraph 50.

51. Symbology admits the allegations in Paragraph 51.

52. Symbology denies the allegations in Paragraph 52.

53. Symbology admits the allegations in Paragraph 53.

54. Symbology admits the allegations in Paragraph 54.

55. Symbology admits that Mr. Rothschild initially attempted to prosecute independent claim 1 of the patent application that ultimately issued as the '773 Patent without the limitation stated in paragraph 54. Symbology denies the remaining allegations in paragraph 55.

56. Symbology is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis denies these allegations.

57. Symbology admits the allegations in Paragraph 57.

58. Symbology admits the allegations in Paragraph 58.

59. Symbology admits the allegations in Paragraph 59.

60. Symbology admits the allegations in Paragraph 60.

61. Symbology denies the allegations in Paragraph 61.

62. Symbology denies the allegations in Paragraph 62.

63. Symbology admits the allegations in Paragraph 63.

64. Symbology denies the allegations in Paragraph 64.

65. Symbology denies the allegations in Paragraph 65.

66. Symbology denies the allegations in Paragraph 66.

## PRAYER FOR RELIEF

Counterclaimant's Prayer For Relief requires no answer. To the extent that an answer is required, Symbology denies any and all allegations in the Prayer For Relief and denies that Counterclaimant is entitled to any relief, including any declaration, injunction, costs, attorneys' fees, expenses, or any other relief of any kind, including, without limitation, subparagraphs (a) through (h) of Counterclaimant's Prayer For Relief.

## JURY DEMAND

Symbology admits that Briggs purports to demand a trial by jury of this action.

## GENERAL DENIAL

Symbology denies each and every allegation in the Counterclaims to which Symbology has not specifically responded and expressly admitted, including any allegations that may be implied by or inferred from the headings of the same.

## AFFIRMATIVE DEFENSES

### First Defense
### (Failure to State a Claim)

1.  The Counterclaims fail to state a claim upon which relief can be granted. The Counterclaims do not meet the pleading requirements set forth in the Federal Rules of Civil Procedure as explained by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, the Counterclaims fail to properly allege non-infringement of the Asserted Patents as well as invalidity under the provisions of Title 35, United States Code.

## Second Defense
### (No Exceptional Case or Attorney's Fees)

2. Counterclaimant cannot meet the requirements for an exceptional case or an award of attorney's fees pursuant to 35 U.S.C. § 285.

## Third Defense
### (Reservation of all affirmative defenses)

3. Symbology reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## PRAYER FOR RELIEF

The Counterclaims should be dismissed, and the relief Symbology prays for in the Complaint should be granted.

Dated: June 27, 2017

Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue

San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF**
**SYMBOLOGY INNOVATIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 27th, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
